**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIANAIN, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>KENNETH RIDLEY,<br><br>        Defendant. | Civil Action No. 23-00633 (SDW) (MAH)<br><br>**WHEREAS OPINION**<br><br>February 8, 2023 |

    **THIS MATTER** having come before this Court upon Defendant Kenneth Ridley's ("Defendant") Notice of Removal of a Complaint adjudicated in Union County Superior Court of New Jersey, (D.E. 1); and

    **WHEREAS** Defendant seeks to remove the matter to this Court in an effort to forestall "an eviction and Warrant of Removal" that the State Court issued, and to garner him additional time to procure rental assistance, (D.E. 1 at 3–4); and

    **WHEREAS** a *pro se* litigant's submission, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

    **WHEREAS** Defendant fails to set forth any basis for this Court's jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. Defendant's removal notice claims that he is a "U.S.

Government Defendant," yet Defendant appears to be a private citizen and not a "Government Defendant."  (*See* D.E. 1 at 2.)  Further, Plaintiff is an LLC and not a government entity, thus no basis for jurisdiction is readily discernable, (*id.*); and

**WHEREAS** the *Rooker-Feldman* Doctrine provides that district courts do not have jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Vuyanich v. Smithton Borough*, F.4th 379, 384 (3d Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  Defendant's matter was already adjudicated in the New Jersey State Court, which thereafter issued an eviction and Warrant of Removal.  (D.E. 1 at 3–4.)  Accordingly, this Court does not have jurisdiction to review the State Court's judgment, and removal is barred by the *Rooker-Feldman* Doctrine; therefore

Defendant's request for removal is *sua sponte* **DISMISSED WITH PREJUDICE** due to failure to establish jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, and inability to establish jurisdiction due to the *Rooker-Feldman* Doctrine.  An appropriate order follows.

      /s/ Susan D. Wigenton  
      **United States District Judge**

Orig:  Clerk  
cc:     Michael A. Hammer, U.S.M.J.  
       Parties